UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WINSTON CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV1462 RLW |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. [Doc. #2]. The Court has conducted a review of motion to proceed in forma pauperis, as well as plaintiff's accompanying financial affidavit. The Court will grant plaintiff's motion to proceed as a pauper in this action. However, based upon a review of the complaint[1], the Court finds that the federal claims in the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that there are any state law claims encompassed in the complaint, the Court will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

---

[1] Plaintiff's complaint is titled, "Verified Petition for Permanent Injunction."

**The Complaint**

Plaintiff has filed a twenty-seven count complaint in this action, alleging violations of numerous civil rights by defendants. Plaintiff's complaint totals forty-nine (49) pages and names four defendants, including the State of Missouri, the Judge in his state criminal action and two state court prosecutors.

From the court records available on Missouri.Case.Net, as well as plaintiff's complaint, the Court has been able to ascertain that plaintiff was charged with 13 separate counts of theft, forgery and trespass on June 8, 2013. *See State v. Clay*, Case No. 13SL-CR06312-01 (22nd Judicial Circuit, St. Louis City). A grand jury indictment was filed against him on August 7, 2013, and a trial was held on August 13, 2015. Plaintiff was found guilty by a jury on all counts. On October 16, 2015, defendant was sentenced to five years on each count of theft and forgery, to be served concurrent with all other counts in the case.[2] *Id.*

In plaintiff's complaint, he has a long list of allegations against both the state court judge in his criminal case, as well as the two prosecuting attorneys. Plaintiff's assertions appear to arise from his belief that he is immune from state prosecution as a member of the Moorish Nation. He believes that the State of Missouri, through prosecutors Snyder and Frankenberg, have acted wrongfully by "subjecting him to the decision(s) of an unimpartial [sic] grand jury and petit jury in which the State excluded Moors or Moorish Americans. . ."

Thus, plaintiff seeks an order from this Court requesting that the Federal Court intervene with the state court criminal prosecution and "enjoin" the judge and prosecutors in the state court from placing him in "involuntary servitude" through arrest and "slandering him" by calling him "black" on his state court paperwork. Plaintiff also seeks an order from this Court to require the

---

[2] Plaintiff also received 30 days in jail on the trespass counts, to be served concurrent with all other counts.

Missouri State Court to use his Moorish name, "Maulana Al-Hasan," rather than the name "Winston Clay," and to require the state court to allow plaintiff to testify regarding his "Moorish heritage."

Plaintiff also seeks an order from this Court to instruct the state criminal court on "Moorish Law," or what plaintiff calls, "Sharia Law." Plaintiff appears to believe that under "Moorish Law," he is allowed to adversely possess homes that have been abandoned and take them as his own. He asks this Court to instruct the Missouri State Court on this practice and to inform the state court that they have acted unreasonably in "searching and seizing" his business documents in relation to this practice. *See, e.g., Clay v. State of Missouri*, No. 4:13CV1471 CEJ (E.D.Mo. 2014).

Plaintiff, generally, complains of deprivations of his due process and equal protection rights in relation to his criminal trial. He seeks an order from this Court enjoining the state criminal trial with relation to these alleged constitutional errors. Plaintiff also appears to be seeking monetary damages in this action from those he believes have violated his rights.

**Discussion**

Fatal to many of plaintiff's assertions in this action is the non-recognition of the Moorish Nation as a sovereign state by the United States. *See Benton–El v. Odom*, 2007 WL 1812615, at *6 (M.D.Ga. June 19, 2007); *Osiris v. Brown*, 2005 WL 2044904, at *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D.Pa. Jan. 22, 1988: *see also, We the People Beys and Els v. State of New York*, 165 F.3d 16, 1998 WL 801875, at *1 (2d Cir. Nov. 12, 1998) (unpublished opinion). Plaintiff's purported status as a Moorish–American

citizen does not enable him to violate state and federal laws without consequence.[3] And he cannot unilaterally assume that those associated with his ongoing state criminal action have acted unlawfully simply because he believes it to be so under a Moorish law that is not recognized by this Court. As a result, plaintiff's allegations are legally frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).[4]

Additionally, and even more saliently, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also, Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Thus, plaintiff's claims are subject to dismissal, pursuant to the doctrine espoused in *Heck v. Humphrey,* as these claims would necessarily invalidate his criminal conviction.

Last, the Court will note that to the extent that plaintiff is seeking a writ of mandamus, perhaps in conjunction with 28 U.S.C. § 1651, or for this Court to instruct the state court judge in his criminal case to act in a way that is advantageous to plaintiff, the Court will decline to do so. Such an application for mandamus, or for an injunction against state court actors enforcing state

---

[3] Although plaintiff does not claim to have made a formal renunciation of nationality, it is of no import. Those who have voluntarily relinquished their citizenship, like other aliens, must obey the federal and applicable state laws, just as native-born and naturalized citizens are required to do. *See Khattab, supra; Osiris, supra; see also, Thorton–Bey v. United States,* 2009 WL 203502, at *2 (N.D.Ul. Jan. 26, 2009); *Howell–El v. United States,* 2006 WL 3076412, at *3 (S.D.Ill. Oct. 27, 2006).

[4] To the extent plaintiff wishes to attack the legality of the arrest warrant, he should do so within the confines of his criminal case.

4

laws against a petitioner, is legally frivolous, and this Court must abstain from engaging in such a practice.

This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C.A. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County*, 323 F.2d 485, 486 (8th Cir.1963). The actions of the defendant state court judge in this case are not within the jurisdiction of this Court. *See Middlebrooks,* 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D.Mo.1981) (federal courts have no superintending control over, and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties). The better action is for plaintiff to pursue his arguments with the judge and prosecutors in his state court criminal action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent that there are any state law claims encompassed in the complaint, the Court will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the case caption is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of December, 2015.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE